# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES TANNEHILL, II, and ROBYN L. TANNEHILL,** ] ] ] | |
| **Plaintiffs,** ] ] | **Case No.: 2:06-CV-935-VEH** |
| v. ] ] | |
| **JAMES L. MCELROY, JR., et al.,** ] ] ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

This is a civil action filed by the plaintiffs, James Tannehill, II and Robyn L. Tannehill, against the defendants, James L. McElroy, Jr., McElroy Land Surveying Company, Inc., Matthew Danner, and Madison County, Alabama. The latter two defendants have been routinely referred to as "the County Defendants" in this action and the court will use that same designation in this memorandum opinion and order.

The County Defendants have moved for summary judgment (Doc. 55) on the basis of issue preclusion/collateral estoppel[1] with respect to a prior state court ruling

---

[1] "Restatement (Second) of Judgments (1982) uses the term 'res judicata' to include all the rules governing former adjudication, but that term, which literally means 'a thing adjudicated,' has traditionally covered only the rules concerning 'claim preclusion.' 'Collateral estoppel' has traditionally been used to denote those

dismissing all claims against these same defendants on statute of limitations grounds. For the reasons more fully explained below, the court concludes that summary judgment is due to be denied because the County Defendants have not established the entry of any <u>appealable final order or judgment</u> by the state court to support their affirmative defense of issue preclusion/collateral estoppel. Alternatively, the court reaches the same conclusion even if the appropriate avenue of analysis is claim preclusion/res judicata.

## II.   Analysis

"A district court's conclusions as to *res judicata* are conclusions of law, and are thus reviewable *de novo* by this Court." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (citing *McDonald v. Hillsborough County School Bd.*, 821 F.2d 1563, 1565 (11th Cir. 1987)). As the County Defendants have recognized, "[f]ederal courts apply the law of the state in which they sit with respect to the doctrine of *res judicata*." 891 F.2d at 1560 (citation omitted). "Both collateral estoppel and res judicata are affirmative defenses; thus, the party raising the defense has the burden of proving each element. Rule 8(c), Ala. R. Civ. P.; *Wal-Mart Stores, Inc. v. Smitherman*, 743 So. 2d 442, 448 (Ala. 1999); *Ex parte Aratex Servs., Inc.*, 622 So.

---

rules concerning 'issue preclusion.'" *Jones v. Blanton*, 644 So.2d 882, 885 n.1 (Ala. 1994).

2d 367, 368 (Ala. 1993)." *Lee L. Saad Const. Co., Inc. v. DPF Architects, P.C.*, 851 So. 2d 507, 516 (Ala. 2002).

The County Defendants' Motion for Summary Judgment hinges upon the state trial court's order of dismissal entered in their favor on statute of limitations grounds. The initial dismissal order was issued on January 18, 2006. (Doc. 57 at Ex. H at 9). The order denying reconsideration was issued on April 19, 2006, and filed on April 20, 2006. (Doc. 57 at Ex. J at 1).

However, nothing in the record substantiates that these are final orders from which an appeal would lie. The orders do not dispose of the entire state court case,[2] and there is no Rule 54(b) language in either order certifying it as final,[3] despite its

---

[2] The parties' summary judgment papers acknowledge that the state court case is still pending and the order of dismissal entered in state court expressly states:

> 2. That the County Defendants' Motion to Dismiss is hereby GRANTED and that this action be and the same is hereby DISMISSED <u>as it relates to the County Defendants</u> with costs taxed as paid.

(Doc. 57 at Ex. H at 9 (emphasis added)).

[3] Rule 54(b) of the Alabama Rules of Civil Procedure states:

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, <u>the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties</u>

3

interlocutory nature. Finally, there is no indication in the record that the state court has otherwise reached final judgment on the remaining claims.

Under Alabama law, a required element of both issue preclusion and claim preclusion is the entry of a prior judgment from which an appeal would lie. The County Defendants have not shown that this requirement has been met.

> The doctrine of collateral estoppel, or issue preclusion, does not require identity of the causes of action involved. The elements of collateral estoppel are:
>
> > (1) an issue identical to the one litigated in the prior suit; (2) that the issue was actually litigated in the prior suit; (3) <u>that resolution of the issue was necessary to the prior judgment</u>; and (4) the same parties. *Pierce v. Rummell*, 535 So.2d 594, 596-97 (Ala. 1988); *Lott v. Toomey*, 477 So.2d 316, 319 (Ala. 1985); *Wheeler v. First Ala. Bank of Birmingham*, 364 So. 2d 1190, 1199 (Ala. 1978).

*Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 726 (Ala. 1990) (emphasis added);

---

> <u>only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment</u>. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), <u>in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment</u> adjudicating all the claims and the rights and liabilities of all the parties.

Ala. R. Civ. P. 54(b) (emphasis added).

(*see also* Doc. 56 at 17 (same)); *Biles v. Sullivan*, 793 So.2d 708, 712 (Ala. 2000) (same) (citing *Smith v. Union Bank & Trust Co.*, 653 So.2d 933, 934 (Ala. 1995)).

Further, as the Supreme Court of Alabama explained the relationship of the doctrine of mutuality of estoppel (*i.e.*, the fourth element of collateral estoppel), "[i]t is a judicially created doctrine declaring that <u>unless both parties in a second action are bound by the judgment</u> in a previous case, neither party in the second action should be bound . . . ." *Jones v. Blanton*, 644 So.2d 882, 886 (Ala. 1994) (emphasis added) (citation omitted). Here, while a statute of limitations defense has been litigated by the same parties, and an order of dismissal entered, <u>no binding judgment has been entered in the state court case</u>.

Similarly, for claim preclusion/res judicata, the Supreme Court of Alabama has explained the elements as follows:

> In order for a judgment in the prior suit to bar a subsequent suit: (1) the question or fact must have been litigated and determined by a court of competent jurisdiction; (2) <u>the final judgment must have been rendered on the merits</u>; (3) the parties, or those in privity with them, must be of such a relationship to the parties in the subsequent action as to entitle them to the benefits and/or burdens of the prior litigation; and (4) the same cause of action must be involved in both lawsuits. *Stevenson v. International Paper Co.*, 516 F.2d 103 (5th Cir. 1975).

*Hughes v. Martin*, 533 So.2d 188, 190 (Ala. 1988) (emphasis added).

In an effort to avoid application of the finality requirement, the County Defendants

cite to *Ex parte Ford Motor Credit Co.*, 772 So. 2d 437 (Ala. 2000),[4] for the proposition that "'*a litigation may have reached a stage at which issue preclusion is appropriate even though claim preclusion-application of the rules of merger and bar-is not.*'" *Id.*, 772 So. 2d at 444 (citing *Restatement (Second) of Judgments* § 27

---

[4] The other decisions referred to by the County Defendants are not helpful because they do not apply Alabama law.  For example, two of the cases arise outside of the Eleventh Circuit.  *See, e.g., Miller Brewing Co. v. Jos. Schlitz Brewing Co.*, 605 F.2d 990, 995-91 (7th Cir. 1979) (applying collateral estoppel to federal trademark claim and giving prior determination of term as generic on interlocutory appeal preclusive effect); *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir. 1961) (applying New York law).

The one opinion from the Eleventh Circuit, *Christo v. Padgett*, 223 F.3d 1324 (11th Cir. 2000), involves the mix of "a decade of civil, criminal, and [Chapter 7] bankruptcy proceedings concerning the Christo family and their investments" arising in Florida.  223 F.3d at 1328.  In *Christo*, the district court "held an evidentiary hearing, applicable to both the *Miller* and *Christo* litigations, concerning any alleged agreement between Padgett and the Christo family."  223 F.3d at 1330.  The district court concluded in a July 13, 1998 order "that there was no enforceable agreement" and "made the contested factual findings in the *Miller* litigation."  *Id.* at 1330, 1338. Further, the district court "put the parties on notice that the [July 13, 1998] order could have preclusive effect, and it is clear that both the district and bankruptcy courts considered those findings final."  *Id.* at 1339 (footnote omitted).  Finally, "[e]ven if the Christos were technically correct that the July 13 order has no preclusive effect, their argument is ultimately one of form rather than substance [, as] [t]hree weeks after dismissing the Christos' lawsuit, the district court entered a <u>final order approving the proposed settlement in the *Miller* litigation</u>."  *Id.* (emphasis added).  The Eleventh Circuit held that all of these reasons supported the district court's dismissal of "the Christos' claims on the ground of issue preclusion."  *Id.* at 1340 (footnote omitted).  Therefore, the procedural context of *Christo* is dramatically distinguishable and, regardless, the opinion does not involve any application of Alabama law.

cmt. k (1982) (emphasis in original)). In making this argument, the County Defendants have conceded that they cannot meet the more stringent "judgment on the merits" standard associated with a claim preclusion/ res judicata defense.

However, *Ford Motor* is significantly different from the instant case because *Ford Motor* involves an issue of finality in the context of an order dismissing a case <u>without prejudice</u> on *forum non conveniens* grounds. As the Supreme Court of Alabama reasoned:

> In other words, although the litigation in Ford's first action had not reached <u>the stage-final judgment on the merits-that gives rise to claim preclusion</u>, that fact is irrelevant to the inquiry whether it had reached a stage that could give rise to issue preclusion.
>
> It is manifest that Judge Gaither did not enter a final judgment on the merits. Therefore, it was proper for him to specify that he dismissed the case without prejudice, <u>meaning that Ford had the right to pursue her claims in a future action and to receive a final judgment on the merits</u>. However, we cannot accept Judge Smithart's conclusion that Judge Gaither, in using the words "without prejudice," intended to allow Ford to relitigate the *forum non conveniens* issue in any court-including the Barbour County Circuit Court-*in the absence of any change in the material facts underlying his determination*. On this point, we must respectfully reject Judge Smithart's reasoning.

772 So. 2d at 444 (emphasis by underlining added) (footnote omitted). The Supreme Court of Alabama further explained, "[o]ur conclusion that Judge Gaither's order embodied a sufficient finality on the issue of *forum non conveniens* to give rise to issue preclusion is consistent with our conclusion, *supra*, <u>that it was an appealable</u>

7

order." 772 So. 2d at 444 n.3 (emphasis added); *see also id.* at 439 ("An order dismissing an action under the provisions of Ala. Code 1975, § 6-5-430, is appealable. *See Donald v. Transport Life Ins. Co.*, 595 So. 2d 865 (Ala. 1992).").[5]

In support of their Motion for Summary Judgment, the County Defendants have offered no Alabama authority in which a non-appealable, non-final order has been given preclusive effect in a subsequent action under the doctrine of issue preclusion/collateral estoppel.

---

[5] Ultimately in *Ford Motor,* the Supreme Court of Alabama issued a writ directing:

> Judge Smithart [the second judge] to vacate his order of October 1, 1999, denying the defendants' motions to dismiss. However, we do not determine at this point whether Ford's argument concerning her medical condition and her need for treatment establishes that material facts supporting Judge Gaither's determination have changed. We leave that question for Judge Smithart. He is directed to permit the parties to present any evidence they desire on the question whether Judge Gaither considered Ford's health problems when he dismissed the first action on the ground of *forum non conveniens* and to present evidence concerning the question whether the circumstances of her health problems have substantially changed. The trial judge is directed to enter an order on the defendants' motions to dismiss explaining in detail his findings of fact and conclusions of law on this issue. At that point, if the trial court enters an order dismissing on the doctrine of *forum non conveniens*, Ford will be free to appeal that order. If the trial court denies the motions to dismiss on the doctrine of forum non conveniens, then the defendants will be free to petition for the writ of mandamus.

772 So. 2d at 444-45.

Additionally, this court has not been able to independently locate such authority; instead the additional cases on collateral estoppel that it has reviewed have involved prior actions that had already concluded as judgments on the merits and, depending on the circumstances, collateral estoppel either did (or did not) apply. *See, e.g., Constantine v. U.S. Fidelity and Guar. Co., Inc.*, 545 So. 2d 750, 755 (Ala. 1989) ("However, neither do we agree with the plaintiff's assertion that she is not estopped in her suit against the instant defendants by the judgment in *Constantine v. First Alabama Bank of Birmingham, supra*; therefore, we affirm the judgment of the trial court.") (emphasis added); *Biles*, 793 So.2d at 713 (Ala. 2000) ("Both in his motion for relief from judgment in the Baldwin County action and in his complaint in the Mobile County action, Sullivan alleged that he had been deprived of a fair jury trial because, he said, the defendants had concealed Biles's relationship with jury foreman Pete Jones.") (emphasis added); *N & C Properties v. Windham*, 582 So. 2d 1044, 1046-47 (Ala. 1991) ("Although the issue in *N & C Properties v. Pritchard, supra*, concerned the applicability of § 1702(b)(1), which section is at issue in the instant case, collateral estoppel will not preclude the trial court from hearing the case between N & C and the Windhams. The Windhams were not parties to the *Pritchard* case, nor are they affected by the decision in that earlier case.") (emphasis added); *DPF Architects*, 851 So. 2d at 520 ("Thus, although the prior adjudication in the

9

arbitral forum would not, under the doctrine of res judicata, bar Saad Construction's claims against the appellees, the doctrine of collateral estoppel might nonetheless apply if the requirements for that doctrine are satisfied.") (emphasis added); *see also DPF Architects*, 851 So. 2d at 520 ("The burden is on the party asserting collateral estoppel to prove that the issue it is seeking to bar was determined in the prior adjudication.") (citations omitted) (emphasis added).

Furthermore, it is incumbent upon the parties to properly support their summary judgment arguments. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.") (citation omitted)). "[T]he onus is upon the parties to formulate arguments[.]" *Dunmar*, 43 F.3d at 599 (citation omitted).

Here, in relying on *Ford Motor*, the County Defendants have missed the mark and relatedly have failed to carry their burden in establishing the viability of their affirmative defense. More specifically, the *Ford Motor* decision does not establish that a non-final and non-appealable statute of limitation dismissal decided in a still pending state court case should, as a matter of Alabama law, be given preclusive effect in this court.

<u>The appellees have not satisfied their burdens of proof as to their</u>

<u>affirmative defense of collateral estoppel</u>. As previously noted, one who claims the defense of collateral estoppel must prove, among other things, that the issue was "actually decided," *Leverette*, 479 So. 2d at 1237, and "that resolution of the issue was necessary to <u>the prior judgment</u>," *Biles*, 793 So.2d at 712. Moreover, because we are reviewing a summary judgment, we "must review the record in a light most favorable to the nonmovant and <u>must resolve all reasonable doubts against the movant</u>." *Hobson, supra*, 690 So. 2d at 344.

*DPF Architects*, 851 So. 2d at 520-21 (emphasis added).

### III. Conclusion

For the reasons stated above, the County Defendants' Motion for Summary Judgment is **DENIED**.

**DONE** and **ORDERED** this the 30th day of March, 2009.

                                         **VIRGINIA EMERSON HOPKINS**
                                         United States District Judge