FILED

2010 Nov-17  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES TANNEHILL, II and** | ) | |
| **ROBYN L. TANNEHILL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:06-CV-935-VEH-RRA** |
| | ) | |
| | ) | |
| **JAMES L. MCELROY, JR. and** | ) | |
| **MCELROY LAND SURVEYIN** | ) | |
| **COMPANY, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This is a civil action filed by the plaintiffs, James Tannehill, II and Robyn L. Tannehill, against the defendants, James L. McElroy, Jr., McElroy Land Surveying Company, Inc., Matthew Danner, and Madison County, Alabama.  The latter two defendants have been routinely referred to in this action as "the county defendants".  The court will use that designation in this opinion.

This case, now over 4 years old, comes before the court on the county defendants' Motion for Leave To File a Renewed Motion for Summary Judgment and To Exceed Page Limitation.  (Doc. 85.)  On August 9, 2006, the court entered a scheduling order which, among other things, set a dispositive motion deadline of June

30, 2007.  (Doc. 12.)  Also in that order the court stated

> Any requests for extension of any deadlines must be filed at least five
> days prior to that deadline to be considered. Good cause must be shown
> for the extension of any deadline. Good cause includes a showing of
> what discovery, etc., has already been completed and precisely why the
> deadlines cannot be met.

(Doc. 12., p. 2.)

The county defendants were not parties to this case at the time the scheduling

order was entered.  The original complaint, filed on May 12, 2006, named only James

L. McElroy, Jr., and McElroy Land Surveying Company, Inc. (hereinafter "the

original defendants") as defendants.[1]  As noted above, the scheduling order was

entered on August 9, 2006.  On April 5, 2007, the plaintiffs filed an amended

complaint alleging new claims against the original defendants, and adding the county

defendants.  Accordingly, the county defendants did not become parties to this action

until nearly a year after it was originally filed.  Still, court records reflect service of

these defendants on April 20, 2007.  More than two months still remained on the

dispositive motion deadline at the time the county defendants were served.  T h e

county defendants filed motions to dismiss on May 9, 2007.  (Doc. 28.)  On June 11,

---

[1]The original complaint alleged professional negligence (count one), negligent
misrepresentation (count two), fraudulent misrepresentation (count three), and making a false
statement in violation of 18 U.S.C. § 1001 (count four).  All counts arise out of land surveying
services provided by defendants James L. McElroy, Jr., and McElroy Land Surveying Company,
Inc. for the construction of a home located at 269 River Cove Road, Huntsville, Alabama 35811.

2007, the original defendants filed a motion for summary judgment. (Doc. 34.) On June 30, 2007, as per the terms of the original scheduling order, the dispositive motion deadline ran. <u>No motions to extend any deadline had been filed, by any party, including the county defendants, prior to the running of such deadline.</u>

On July 2, 2007, the plaintiffs filed a motion to stay the scheduling order deadlines due to the need to conduct additional discovery as to the added defendants. (Doc. 37.) On July 31, 2007, the magistrate assigned to this matter cited the undersigned's order regarding motions to amend, and noted that the plaintiff's motion was untimely filed by at least one month. However, the magistrate also noted that an extension *might* be necessary should additional discovery be required because the county defendants had recently been added to the case. (Doc. 41.) Accordingly, he ordered the parties explain to the court whether such discovery was necessary.

The county defendants <u>opposed</u> the extension, stating that "[t]he County Defendants . . . likely will suffer prejudice if the Court re-starts and extends discovery deadlines. The County Defendants will be forced to expend large amounts of time and expense." (Doc. 43, p. 6.) Further, they noted that "a request to stay deadlines that have already run is improper." *Id.* at 3-4. The county defendants did note that a discovery extension might be necessary if they remained a party to this action after their motions to dismiss had been ruled upon. *Id.* at 1-2. But they did not request an

3

extension at that time.  Based upon these statements, the magistrate denied the motion to amend.

The county defendants' motion to dismiss remained pending.  On March 26, 2008, the undersigned issued the following order:

> It is undisputed that, in a prior state court action filed in Alabama state court, the Circuit Court of Madison County, Alabama ruled that the claims in that suit, against the county defendants, were barred by the applicable statute of limitations. It seems to the court that this order may bar the instant action against the county defendants.
>
> Within 11 days, the county defendants may file a motion for summary judgment on the basis of the prior state court order only. No other issues should be raised in that motion. The motion, briefs, and responses should all be governed by "Appendix II" attached hereto.
>
> In light of this new issue, the county defendants' motion to dismiss may be moot. Accordingly, the clerk of court is hereby ORDERED to administratively term the county defendants' motion to dismiss (doc. 28) pending resolution of the issues raised in this order. Should the county defendants not file a summary judgment motion, or should the court deem that the motion should be denied, the motion to dismiss will be reinstated.

(Doc. 53, pp. 1-2.)  The court did not extend the dispositive motion deadline.  That deadline had already passed.  Instead, the court reopened the expired dispositive motions deadline and ordered the county defendants to file a motion for summary judgment and to brief only a narrow, identified issue (collateral estoppel/issue preclusion). The county defendants filed their motion for summary judgment on April

4

6, 2008.  (Doc. 55.)  In response, the plaintiffs again requested additional time (9 months) to conduct discovery in order to respond to the motion.  (Doc. 59.)  No request was made by the county defendants for additional time for discovery, or for leave to file a more comprehensive motion for summary judgment.  The magistrate denied the motion for additional time on April 22, 2008.  On March 30, 2009, the undersigned denied the motion for summary judgment "because the County Defendants have not established the entry of any <u>appealable final order or judgment</u> by the state court to support their affirmative defense of issue preclusion/collateral estoppel."  (Doc. 66, p. 2) (emphasis in original).

The county defendants then filed a motion to reinstate their motion to dismiss. (Doc. 67.)  The undersigned granted that motion on April 21, 2009.  On October 15, 2009, the undersigned ordered as follows:

1.      The motion to dismiss filed by defendants Madison County, and Matthew Danner (doc. 73), is hereby GRANTED;

2.      As to Madison County and Matthew Danner, all counts of the First Amended Complaint, except Count Five, are DISMISSED, with prejudice.

(Doc. 76.)

No new scheduling order was entered in this matter.  After the ruling on the motion to dismiss, the parties never requested an extension of any deadlines, or the

5

institution of new deadlines.

A telephonic status conference in this matter took place on August 18, 2010. The pro se plaintiffs and counsel for the defendants participated. No party requested time for discovery or additional time to file dispositive motions. The court announced that a pre-trial conference would be set. By order dated August 19, 2010, a pre-trial conference was set for December 15, 2010. (Doc. 84.) Three months went by before the county defendants filed their pending motion for leave to file a renewed motion for summary judgment.

The county defendants argue that an order entered by the Circuit Court of Madison County, dated September 22, 2010, which is now a final order, is a new fact which necessitates the need for leave to file a new motion for summary judgment. The court agrees. While the state court's decision regarding the plaintiff's claims against the county is not "new," its finality is. Clearly, this element of the county defendant's issue preclusion/collateral estoppel defense was not previously available to them. (*See* Doc. 66 (denying summary judgment based on issue preclusion/collateral estoppel "because the county defendants have not established the entry of any <u>appealable final order or judgment</u> ....") (emphasis in original).

The movants also argue that they have been unable to present defenses other than the "claim preclusion/issue preclusion" defenses the court instructed them to

brief in the motion for summary judgment.  However, the other defenses they cite, such as statute of limitations, lack of evidence of conspiracy, and intra-corporate conspiracy, have <u>always</u> been available to them.  Specifically, they were available prior to the dispositive motions deadline established in the court's scheduling order. These <u>other</u> defenses did <u>not</u> arise because of a now-final order from the Madison County Circuit Court.  The defendants' argument that the procedural posture of this case prevented the defendants from asserting their defenses or at least requesting the opportunity to assert their defenses before now is contradicted by the record.  The deadlines in this case were clear.  The county defendants have not identified anything that prevented them from timely filing a motion for summary judgment as to their other defenses (other than issue preclusion/collateral estoppel).  Despite numerous opportunities, including at least one conference with the court, no request for an extension was ever made by the county defendants before now.

Scheduling orders "may be modified only 'upon a showing of good cause.' [Federal Rule of Civil Procedure] 16(b).  This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  *See also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.");  *Sosa*, 133 F.3d at 1419 (noting that

scheduling orders may be modified "only upon a showing of good cause" and holding that a disregard of the "good cause" requirement "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure") (quotation omitted); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, No. 06-14495, 2008 WL 2047892, *11 (11th Cir. May 14, 2008) (agreeing with the analysis in *Sosa* in that "'Rule 16(a)'s good cause standard' precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension," and noting that "[i]f [a] party was not diligent, the [good cause] inquiry should end.") (quoting *Sosa*, 133 F.3d at 1418; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (brackets in original); *Young v. City of Gulf Shores*, No. 07-0810-WS-M, 2009 WL 321221, at *1-*2 (S.D. Ala. Feb. 5, 2009).

The court finds that "good cause" has been shown as to the county defendants' motion <u>only</u> insofar as they seek leave to file a renewed motion for summary judgment. Therefore, the motion is **GRANTED** in part and **DENIED** in part. The county defendants may file a renewed motion for summary judgment, limited to the issues of claim preclusion/issue preclusion, no later than November 22, 2010. The motion must comply with Appendix II attached to court file document 53.

**DONE** and **ORDERED** this the 17th day of November, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge