IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES TANNEHILL, II, and ROBYN L. TANNEHILL, ] ] ] Plaintiffs, ] ] v. ] ] JAMES L. MCELROY, JR., et al., ] ] ] Defendants. ] | Case No.: 2:06-CV-935-VEH |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Pending before the court is the "Motion for Reconsideration of Court Order Or in the Alternative Motion to Dismiss Pursuant to Rule 41(A)(2) Fed. R. Civ. P." (Doc. 104) (the "Motion") filed by Plaintiffs on January 14, 2011.  The Motion seeks to reopen discovery or, alternatively, a voluntary dismissal of this case without prejudice.  (Doc. 104 ¶ 4).

On January 20, 2011, the court entered a scheduling order on the Motion. (Doc. 105).  This order gave Defendants until January 26, 2011, to file a response, and Plaintiffs until February 8, 2011, to file a reply.

On January 25, 2011, Defendants James L. McElroy, Jr. and McElroy Land

Surveying Company, Inc. (collectively, the "McElroy Defendants") and Defendants Matthew Danner and Madison County, Alabama (collectively, the "Madison County Defendants") filed separate responses to the Motion. (Docs. 106, 107). The McElroy Defendants "take no position as to the motion filed by the Plaintiffs." (Doc. 106 at 1).

The Madison County Defendants, on the other hand, respond that "[t]here is no basis for additional discovery[.]" (Doc. 107 ¶ 14). They further indicate that "[i]f the Court denies the Tannehills' motion to reconsider the prior rulings denying additional discovery, then the County Defendants would not object to the entry of an order granting the Tannehills' request to voluntarily dismiss the County Defendants from this action, so long as such order is made final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to the County Defendants." (Doc. 107 ¶ 14).

On February 4, 2011, Mr. Tannehill filed a reply. (Doc. 110). In it, Mr. Tannehill continues to contend that reopening discovery is the proper course of action for this court to take, and alternatively seeks a stay of the litigation. (*Id.* at 1 ("Plaintiff James Tannehill hereby responds to Court Order of January 20, 2011 and moves the Court to favorably reconsider its prior Orders deny[ing reopening] discovery or alternatively stay all proceedings pending acquisition of records pursuant to 5 U.S.C. 552.") (emphasis added)).

Mrs. Tannehill did not join in the reply filed by Mr. Tannehill, nor did she separately file in anything in further support of the Motion. The Motion is now under submission.

## II. STANDARDS

### A. Motions to Reconsider

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.") (citation omitted). Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249

(M.D. Ala. 2002) (denying motion to reconsider when plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[1]  Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider when movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar);[2] *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact.  *See* Fed. R. Civ. P. 60(b); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or

---

[1] Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected. *See Lazo v. Washington Mutual Bank*, 10 Fed. Appx. 553, 553 (9th Cir. 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668 (6th Cir. 2003) (similar).

[2] This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

to present newly discovered evidence."); *Summit*, 284 F. Supp. 2d at 1355 ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

### B.   Voluntary Dismissals

Rule 41(a) of the Federal Rules of Civil Procedure addresses voluntary dismissals by a plaintiff and states:

> **(1)** *By the Plaintiff.*
>
> > **(A)** *Without a Court Order.*  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> >
> > > **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> > >
> > > **(ii)** a stipulation of dismissal signed by all parties who have appeared.
> >
> > **(B)** *Effect.*  Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

> **(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), <u>an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper</u>. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a) (emphasis added). Due to the well-developed nature of this 2006-filed case and in the absence of any stipulation of dismissal signed by all the parties, Plaintiffs' voluntary dismissal is necessarily sought pursuant to Rule 41(a)(2).

## III.   ANALYSIS

### A.   Reconsideration

This court has entered several orders denying Plaintiffs' request to reopen discovery and has explained in detail the reasons why it has consistently reached that same result. (*See, e.g.*, Doc. 96 at 2 ("More specifically, the Motion is **DENIED** under Rule 56(f) and to the extent that it seeks to reopen discovery because discovery has closed under the scheduling order (Doc. 12), and the Motion does not meet the standard to reopen discovery."); *id.* at 2 ("Although Mr. Tannehill is now proceeding *pro se*, at the time discovery closed, the plaintiffs, including Mr. Tannehill, were represented by counsel and the issue as to which Mr. Tannehill seeks to conduct discovery was an issue that had been identified prior to the close of discovery."); *id.*

6

at 2 ("Further, Mr. Tannehill did not adequately identify why additional discovery should be permitted now."); Doc. 99 at 10 ("By a previous order (Doc. 96) entered on December 16, 2010, this court has already denied Mr. Tannehill's early request for a stay of this litigation and a reopening of the discovery deadline for him."); Doc. 101 at 3 ("The court further finds that Mr. Tannehill has not demonstrated why this court should reopen discovery before deciding the Madison County Defendants' renewed Motion for Summary Judgment (Doc. 87) relating to the narrow issue of res judicata and the legal finality of the state court order.").

Nowhere in the Motion do Plaintiffs challenge the merits of the court's prior rulings regarding discovery with <u>on-point authority</u>,³ establish that the court has committed clear error, or introduce an intervening change in controlling law or new evidence for the court to consider. *See, e.g., Summit*, 284 F. Supp. 2d at 1355 (As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."). Under such circumstances, Plaintiffs have not met the discretionary standard applicable to

---

³ *See, e.g., Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

reconsideration requests. Accordingly, the reconsideration portion of Plaintiffs' Motion is due to be denied.

Alternatively, even assuming that Plaintiffs have satisfied the reconsideration standard, they still have not shown why an order reopening discovery would be appropriate under the circumstances of this case pursuant to the standards applicable under either Rule 16 or Rule 56(f). Therefore, Plaintiffs' Motion is due to be denied regarding reconsideration of the court's discovery ruling adverse to Plaintiffs for these additional reasons.

### B. Dismissal

In terms of the alternative relief sought by Plaintiffs, their dismissal without prejudice request set forth in the Motion was orally modified during the telephonic conference held on January 20, 2011, to include a request for relief in the form of a dismissal <u>with prejudice</u>. More specifically, Mr. Tannehill stated that Plaintiffs <u>were unprepared to proceed to trial in good faith without discovery and an expert</u> and admitted that Plaintiffs had not timely named an expert. (*See, e.g.*, Doc. 108 at 10 ("[W]e can't set forth our arguments <u>in good faith</u> at this point in time.") (emphasis added); *id.* ("Mr. Lucas [*i.e.*, former counsel for Plaintiffs] walked away from this case and <u>left us without discovery from Madison County</u>.") (emphasis added); *id.* ("And now, I'm finding out that he had not even nominated or named who our expert

witness is."); *id.* ("I couldn't begin to go to trial without an expert witness, a surveyor.") (emphasis added)).

Further, Mrs. Tannehill confirmed that she agreed with Mr. Tannehill's statements made during the conference call and that she was aware of her right to speak up at any point in the event that she did disagree with him. (Doc. 108 at 11 ("Ms. Tannehill is on the phone. So I'm [*i.e.*, the court] comfortable that if she didn't agree with something [that Mr.Tannehill was] saying, she would chime in; is that correct, Ms. Tannehill? MS. TANNEHILL: Yes, ma'am.")).

Therefore, based upon these statements made by Plaintiffs during the conference call, the court concludes that the proper course of action is to grant Plaintiffs' Motion as orally modified and dismiss Plaintiffs' case with prejudice. (*See* Doc. 107 at 11 ¶ 15 ("Rule 41(a)(2) affords the Court discretion to determine the 'terms that the [C]ourt considers proper" for a voluntary dismissal.")).

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion is due to be granted with respect to the alternative relief requested by them as orally modified on January 20, 2011, *i.e.*, a voluntary dismissal with prejudice and costs taxed as paid because they, by their own admission, cannot in good faith proceed to trial. In all other respects, the Motion is due to be denied. The court will enter a separate order consistent with this

memorandum opinion.

    **DONE** and **ORDERED** this the 11th day of February, 2011.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge